IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

PABLO A. ITURRALDE HERNANDEZ, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO. 01-G-0726-E
)
IMMIGRATION AND NATURALIZATION )
SERVICE, )
)
    Respondent. )

## MEMORANDUM OPINION

Pablo A. Iturralde Hernandez ("the petitioner") has filed a motion pursuant to 28 U.S.C. § 2241, claiming that he is being illegally detained at the Federal Correctional Institution at Talladega, Alabama, by the Immigration and Naturalization Service ("INS") without affording him a deportation release hearing. (Doc. 1, p. 1).

## I. PROCEDURAL BACKGROUND

On July 25, 2000, the petitioner submitted a habeas corpus petition to the United States District Court for the District of South Carolina. (*Pablo A. Iturralde Hernandez v. Mickey E. Ray, Warden, and Immigration and Naturalization Service*, No. 2:00-23020224AJ). He asserted the same claim that is being advanced in the present petition. (Doc. 9, Ex. A). On September 13, 2000, the respondents filed a motion for summary judgment. (Doc. 9, Ex. C). On October 11, 2000, the petitioner filed a motion for an order extending the time for him to respond, a motion requesting that a copy of the summary judgment motion be provided to him, and a motion for clarification regarding the applicable case number and court. (*Id.*). The motions were granted and he was given until November 24, 2000, to respond. (*Id.*). On November 29, 2000, the

petitioner filed an affidavit from Lt. James Vise regarding assistance in obtaining legal materials to respond to the court's order. (*Id.*). The court later extended the response date to February 5, 2001. The petitioner did not file any response.

On February 23, 2001, the magistrate judge assigned the case entered a report, recommending that the petition be dismissed for want of prosecution pursuant to FEDERAL RULE OF CIVIL PROCEDURE 41(b) due to the plaintiff's failure to respond to the defendants' motion for summary judgment. The judge specifically, stated that "it appears the plaintiff no longer wishes to pursue this action." (Doc. 9, Ex. B )(Report of Magistrate Judge). After no objections were filed to the recommendation, the district judge dismissed the petition with prejudice on April 3, 2001. (*Id.*).

On March 23, 2001, the petitioner filed the present petition with this court. After receiving the petitioner's application for a writ of habeas corpus, the court entered an order requiring the respondent to show cause why the requested relief should not be granted. The respondent filed a motion for an order requiring the petitioner to show cause why the petition should not be dismissed as successive. (Doc. 9, p. 1). The INS also requested a stay of these proceedings pending a ruling on their motion. The petitioner was afforded twenty (20) days to respond to the motion. (Doc. 10). The petitioner filed a response wherein he states that the present action should not be dismissed because his failure to prosecute his last petition was due to the fact that he does not speak English, has no legal training, and he did not know how to litigate his case. (Doc. 16, ¶ 3). He also states that he received a copy of the order to show cause from the United States District Court in South Carolina, but he could not find assistance to answer the motion timely. (*Id.* at ¶ 4).

2

## II. DISCUSSION

The petitioner properly commenced this action while he was in South Carolina. He acknowledges that he received the order to show cause. However, instead of continuing his action in South Carolina, he filed the present petition before the previous one was dismissed. He should have pursued the former action rather than filing the present one, which is precluded from review by the dismissal of the previous action with prejudice. The petitioner's explanation that he did not have assistance after being moved to the Federal Correctional Institution in Talladega is not sufficient to permit this court to review his claim. This matter should more properly have been directed to the court in South Carolina, particularly due to the fact that the petition had not been dismissed when this case was initiated.

Although at first glance the result seems harsh, it is not. The petitioner had notice of the South Carolina proceedings; the court there allowed him ample time to respond; and, instead of continuing that action, the petitioner chose to initiate a new one. This court cannot permit such conduct. To do so would improperly encourage forum shopping by petitioners and result in the waste of prosecutorial and judicial resources.

## III. CONCLUSION

Premised on the foregoing, the court agrees with the respondent that it is precluded from further reviewing the merits of the petitioner's substantive claim. Accordingly, the present petition is due to be dismissed with prejudice. An appropriate order will be entered.

**DONE** this the 8th day of January, 2002.

J. FOY GUIN, JR.
Senior United States District Judge